JOHN N. TEDFORD IV (State Bar No. 205537)
jtedford@dgdk.com
KEVIN D. MEEK (State Bar No. 280562)
kmeek@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone:  (310) 277-0077
Facsimile:   (310) 277-5735

Attorneys for Plaintiff David A. Gill, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JOHN C. GARZA,<br><br>    Debtor. | Case No. 2:15-bk-11061-BB<br><br>Chapter 7 |
| DAVID A. GILL, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN GARZA; and JOE ANN GARZA a/k/a JOEANN GARZA,<br><br>    Defendants. | Adv. No. 2:15-ap-_____-BB<br><br>**COMPLAINT FOR (1) DECLARATORY RELIEF, (2) AUTHORITY TO SELL CO-OWNER'S INTEREST IN PROPERTY, AND (3) TURNOVER** |

Plaintiff David A. Gill, as chapter 7 trustee for the estate of John C. Garza, alleges as follows:

### CASE BACKGROUND, JURISDICTION AND VENUE

1. The within bankruptcy case was commenced on or about January 25, 2015 (the "Petition Date"), when John C. Garza (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Code"). The Debtor's case (the "Bankruptcy

1

1  Case") was assigned case no. 2:15-bk-11061-BB and is pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the reference made by the United States District Court for the Central District of California by General Order No. 266 entered on or about October 9, 1984. The claims for relief alleged in this Complaint arise under the Code and/or are related to the Bankruptcy Case.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (M), (N) and (O).

4. Venue for this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this adversary proceeding arises in, and is related to, the Bankruptcy Case.

## THE PARTIES

5. David A. Gill is the duly appointed and acting chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate"). In such capacity, David A. Gill is referred to in this Complaint as "Plaintiff."

6. Plaintiff is informed and believes, and based thereon alleges, that John Garza is an individual whose principal residence is located in the County of Doña Ana, New Mexico.

7. Plaintiff is informed and believes, and based thereon alleges, that Joe Ann Garza a/k/a JoeAnn Garza ("Joe Ann") is an individual whose principal residence is located in the County of Doña Ana, New Mexico.

## GENERAL ALLEGATIONS

8. On or about November 21, 1996, a Warranty Deed was recorded in the Official Records of the County of Doña Ana, New Mexico, pursuant to which the Debtor and Joe Ann acquired title to real property described as follows:

2

A tract of land situate North of Las Cruces, Doña Ana County, New Mexico, in Section 31, T.21S., R.1E., N.M.P.M. of the U.S.R.S. Surveys, being U.S.R.S. Tract 2-22E and being more particularly described as follows, to wit:

Beginning at an iron rod set on the West line of the American Bend Lateral for the Northeast corner of the tract herein described; whence the Southeast corner of Section 31, T.21S., R.1E., N.M.P.M. of the U.S.R.S. Surveys bears, S.36 deg., 56'40"E., 2760.38 feet;

THENCE from the place of beginning and along the West line of the above mentioned American Bend Lateral, S.15 deg., 36'20"E., 533.79 feet to a concrete monument found on the North line of Rhodes Drive for the Southeast corner of this tract;

THENCE leaving the West line of American Bend Lateral and along the North line of Rhodes Drive, S.61 deg., 55'00"W., 323.36 feet to a concrete monument found on the East line of U.S. Highway 85 for the Southwest corner of this tract;

THENCE leaving the North line of Rhodes Drive and along the East line of U.S. Highway 85, N.31 deg., 15'00"W., 641.85 feet to an iron rod set for the Northwest corner of this tract;

THENCE leaving the East line of U.S. Highway 85, N.76 deg., 05'00"E., 489.02 feet to the point of beginning containing 5.373 acres of land, more or less.

(the "Property").

9. The Property is, in whole or in part, commonly referred to as 8832 North Valley Drive, Las Cruces, New Mexico, and 1360 Rhodes Place, Las Cruces, New Mexico. In addition, the Property is, or was formerly, commonly referred to as 8832 North Highway 85, Las Cruces, New Mexico.

10. The Debtor and Joe Ann acquired title to the Property as follows: "JOHN C. GARZA AND JOE ANN GARZA, HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP."

11. On the Petition Date, the Debtor and Joe Ann held title to the Property as set forth in paragraph 10 above.

## FIRST CLAIM FOR RELIEF

(For Declaratory Judgment)

(28 U.S.C. § 2201)

(Against Joe Ann)

12. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11, inclusive.

13. An actual controversy exists between the Trustee and Joe Ann regarding the nature and extent of the Estate's interest in the Property.

14. As of the Petition Date, under applicable New Mexico law, the Property was community property of the Debtor and Joe Ann.

15. As of the Petition Date, the Property was under the sole, equal or joint management and control of the Debtor.

16. As of the Petition Date, the Property was, in its entirety, liable for an allowable claim against the Debtor, or for both an allowable claim against the Debtor and an allowable claim against Joe Ann.

17. Plaintiff desires a judicial determination that, as of the Petition Date, the Property was community property of the Debtor and Joe Ann.

18. Plaintiff desires a judicial determination that the entirety of the Property constitutes property of the Estate.

## SECOND CLAIM FOR RELIEF

(For Declaratory Judgment)

(11 U.S.C. § 363(h) and 28 U.S.C. § 2201)

(Against Joe Ann)

19. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11, and 13 through 18, inclusive.

4

20. If the Bankruptcy Court determines that, as of the Petition Date, the Property was not community property of the Debtor and Joe Ann, Joe Ann is a co-owner of the Property within the meaning of § 363(h) of the Code.

21. Plaintiff is informed and believes, and based thereon alleges, that partition in kind of the Property among the Estate and Joe Ann is impracticable.

22. Plaintiff is informed and believes, and based thereon alleges, that the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of the interests of Joe Ann.

23. Plaintiff is informed and believes, and based thereon alleges, that the benefit to the Estate of a sale of the Property free of the interests of Joe Ann outweighs the detriment, if any, to Joe Ann.

24. Plaintiff is informed and believes, and based thereon alleges, that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

25. Plaintiff is entitled to sell both the Estate's interest and the interest of Joe Ann in the Property pursuant to § 363(h) of the Code.

26. Plaintiff desires a judicial determination that Plaintiff is entitled to sell the interest of Joe Ann in the Property pursuant to § 363 of the Code.

### THIRD CLAIM FOR RELIEF

(For Turnover)

(11 U.S.C. § 542)

(Against All Defendants)

27. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11, 13 through 18, and 19 through 26, inclusive.

28. The Debtor and Joe Ann are in possession, custody or control of the Property.

29. Plaintiff may use, sell or lease the Property under § 363 of the Code.

30. The Property is not of inconsequential value or benefit to the Estate.

5

31. Pursuant to § 542 of the Code, and other applicable laws, Plaintiff is entitled to the turnover of the Property by the Debtor and Joe Ann to the Trustee.

WHEREFORE, Plaintiff prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1. For a declaration that, as of the Petition Date, the Property was community property of the Debtor and Joe Ann; and

2. For a declaration that the entirety of the Property constitutes property of the Estate.

**ON THE SECOND CLAIM FOR RELIEF**

1. For a declaration that Plaintiff is entitled to sell both the interest of the Estate and the interest of Joe Ann in the Property pursuant to § 363 of the Code.

**ON THE THIRD CLAIM FOR RELIEF**

1. For a judgment directing the Debtor and Joe Ann to immediately turn over the Property to Plaintiff and vacate the premises;

2. For a judgment compelling the Debtor and Joe Ann to immediately deliver to Plaintiff a copy of the key or keys to all external and internal doors at the Property;

3. For a judgment compelling the Debtor and Joe Ann to immediately vacate the Property and remove all of their personal property located at the Property;

4. For a judgment authorizing Plaintiff to take any and all actions necessary and permitted under applicable federal and state law to evict the Debtor, Joe Ann, and any other entity from the Property, including but not limited to requesting that the United States Marshal (the "U.S. Marshal") evict such entities pursuant to the authority contained in the Court's judgment; and

5. For such other relief customarily included in orders or judgments compelling the turnover of property pursuant to § 542 of the Code.

**ON ALL CLAIMS FOR RELIEF**

1. For costs of suit incurred; and

2. For such other relief as the Court deems just and proper.

DATED: November 25, 2015         DANNING, GILL, DIAMOND & KOLLITZ, LLP


                                 By:     */s/ John N. Tedford, IV*
                                       JOHN N. TEDFORD IV
                                       Attorneys for Plaintiff David A. Gill, Chapter 7 Trustee

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>DAVID A. GILL, Chapter 7 Trustee | **DEFENDANTS**<br>JOHN GARZA; and JOE ANN GARZA a/k/a JOEANN GARZA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kevin D. Meek<br>Danning, Gill, Diamond & Kollitz, LLP<br>1900 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067<br>(310) 277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
DECLARATORY RELIEF; AUTHORITY TO SELL CO-OWNER'S INTREST IN PROPERTY; TURNOVER

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[3] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[2] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law
[ ] Check if a jury trial is demanded in complaint
[ ] Check if this is asserted to be a class action under FRCP 23
Demand $ 300,000

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>JOHN C. GARZA | BANKRUPTCY CASE NO.<br>2:15-bk-11061-BB ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>BLUEBOND |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| *[signature]* ||
| DATE<br>11/25/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kevin D. Meek |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.